**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **LECTEC CORPORATION,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 5:08-CV-130** |
| **CHATTEM, INC., et al.,** | § | |
| **Defendants.** | § | |

**O R D E R**

Before the Court is Plaintiff's Motion to Strike Exhibit 57 of Defendants' Opposition Brief to Plaintiff's Motion for Preliminary Injunction and for Monetary Sanctions Against Counsel for Defendant Prince of Peace. Dkt. No. 133. Also before the Court is Defendants' response, Plaintiff's reply, and Defendants' sur-reply. Dkt. Nos. 135, 139, & 145, respectively. The Court held a hearing on April 7, 2010. *See* 4/7/2010 Minute Entry, Dkt. No. 155; 4/7/2010 Hr'g Tr., Dkt. No. 156. Having considered the briefing, oral arguments of counsel, and all relevant papers and pleadings, the Court finds that Plaintiff's motion should be GRANTED IN PART and DENIED IN PART.

## I. DISCUSSION

This is a patent case related to transdermal drug delivery. Plaintiff alleges infringement of United States Patents No. 5,536,263 ("the '263 Patent") and 5,741,510 ("the '510 Patent") (collectively, the "patents-in-suit"). Dkt. No. 151, Exs. 1 & 2, respectively.

Plaintiff moves to strike the declaration of Mr. Nobuo Tsutsumi, an employee of Hisamitsu Pharmaceutical Co., a non-party that sold a purportedly prior art product, the Aqua-Patch. Dkt. No. 133 at 2. Defendant Prince of Peace ("PoP") submitted that declaration to the Court as Exhibit 57 to PoP's response to Plaintiff's Motion for Preliminary Injunction. Dkt. No. 120 at Ex. 57. According to Plaintiff, Mr. Tsutsumi testified at deposition to the effect that "he did not see his declaration before it was submitted to the [C]ourt. Rather, Mr. Tsutsumi prepared a Japanese document that is now lost." Dkt. No. 133 at 2. Plaintiff also submits that Mr. Tsutsumi did not even understand parts of the declaration and that "other parts were wrong." *Id.* at 2. Plaintiff provides further details, such as that although the declaration states that the Aqua-Patch had a cotton backing, Mr. Tsutsumi testified that the backing was actually polyester. *Id.* at 2-3 & 6-7. Plaintiff infers that whoever wrote Mr. Tsutsumi's declaration used Plaintiff's confidential documents, which mistaken guessed that the Aqua-Patch had a cotton backing. *Id.* at 7. Plaintiff concludes that the declaration was "fraudulent[]," "contrived," and "manufactured." *Id.* at 3. Plaintiff requests sanctions pursuant to the Court's inherent powers, as well as pursuant to 28 U.S.C. § 1927 for vexacious litigation conduct. *Id.* at 1. Specifically, Plaintiff requests reimbursement "for its costs and fees associated with the deposition of Mr. Tsutsumi and preparing and pursuing this motion." *Id.*

PoP responds that no intentional wrongdoing occurred and, further, "the difference

between a cotton cloth and a polyester cloth has no legal significance in this case." Dkt. No. 135 at 1 & 4. PoP submits that the Japanese word for "cloth" was mistranslated as "cotton." *Id.* at 2. PoP also accuses Plaintiff's counsel of unprofessional conduct during Mr. Tsutsumi's deposition. *Id.* at 2 & 13-15. PoP further submits that it could not have committed any wrongdoing because: (1) its counsel had no contact with Mr. Tsutsumi before his deposition; (2) Mr. Tsutsumi is a disinterested non-party; and (3) Mr. Tsutsumi has legal training and is head of Hisamitsu's legal department. *Id.* at 6-7. PoP requests its attorney's fees for responding to Plaintiff's motion. *Id.* at 15.

Plaintiff replies that the words used in Mr. Tsutsumi's declaration suggest that PoP's counsel "'pushe[d]' [certain] words on the declarant," such as "porous" and "dimensionally stable," which are words used in the claims of the patents-in-suit. Dkt. No. 139 at 1. Plaintiff also accuses PoP of "throw[ing] mud" by alleging unprofessional conduct by Plaintiff's counsel during Mr. Tsutsumi's declaration, and Plaintiff accuses PoP's own counsel of unprofessional conduct, such as "standing behind [Plaintiff's counsel] in a failed attempt to read his attorney notes." *Id.* at 5; *see* 9/22/2009 9:10 A.M. Tr., Dkt. No. 139, Ex. 12 at 210:15-212:1.

The parties agreed at the April 7, 2010 hearing that Mr. Tsutsumi's declaration can be stricken and that the parties can instead rely upon Mr. Tsutsumi's deposition. 4/7/2010 Hr'g Tr., Dkt. No. 156 at 29:22-30:11. Plaintiff's request to strike Exhibit 57 of Defendants' Opposition Brief to Plaintiff's Motion for Preliminary Injunction should therefore be GRANTED as unopposed.

Mr. Tsutsumi testified that he did review his English-language declaration but, apparently due to either a translation shortfall or a misunderstanding, Mr. Tsutsumi did not notice the

evidently erroneous reference to cotton instead of polyester. *See* 9/21/2009 Tsutsumi dep., Dkt. No. 133, Ex. 2 at 77:6-80:9; 9/22/2009 Tsutsumi dep., Dkt. No. 133, Ex. 3 at 164:25-165:13. Also, Mr. Tsutsumi testified that he does not know what happened to his Japanese-language "proposed version" of his declaration, and he "may have discarded it." 9/22/2009 Tsutsumi dep., Dkt. No. 133, Ex. 3 at 182:7-20. On balance, the error in the Tsutsumi Declaration and the destruction of the Japanese-language version appear to have been innocent mistakes rather than purposeful wrongdoing. Plaintiff has not shown that any sanctions are warranted, and Plaintiff's request for sanctions should therefore be DENIED.

Nonetheless, PoP has not shown that Plaintiff's motion warrants an award of attorney's fees against Plaintiff. PoP's request for attorney's fees for responding to Plaintiff's motion is hereby DENIED.

At the April 7, 2010 hearing, PoP again directed the Court to Plaintiff's counsel's use of profanity during Mr. Tsutsumi's deposition. *See* 9/22/2009 6:33 P.M. Tr., Dkt. No. 135, Ex. 27 at 7:1-13:22, *esp.* at 9:7. Mr. Tsutsumi was not present at the time of this conduct (4/7/2010 Hr'g Tr., Dkt. No. 156 at 27:22-28:1 & 28:15-17), but the absence of the witness is no excuse for unprofessional conduct. At the April 7, 2010 hearing, the Court reminded Plaintiff's counsel of his duty of professionalism, and the Court referred counsel to the Local Rules. 4/7/2010 Hr'g Tr., Dkt. No. 156 at 28:18-25 & 30:19-31:6; *see, e.g.*, L.R. AT-3(C), (E), (G), & (K). The Court hereby reaffirms its reminder to all counsel in the above-captioned case to observe Local Rule AT-3, all other Local Rules, and all other applicable standards for professional conduct.

## II. CONCLUSION

Plaintiff's Motion to Strike Exhibit 57 of Defendants' Opposition Brief to Plaintiff's Motion for Preliminary Injunction and for Monetary Sanctions Against Counsel for Defendant Prince of Peace (Dkt. No. 133) is hereby **GRANTED IN PART** and **DENIED IN PART** as set forth above. Specifically, Plaintiff's request to strike the Tsutsumi Declaration is hereby **GRANTED** as unopposed, and Plaintiff's request for sanctions is hereby **DENIED**. Defendant Prince of Peace's request for attorney's fees for responding to Plaintiff's motion is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 20th day of May, 2010.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE