IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

|  |  |  |
|---|---|---|
| LECTEC CORPORATION, | § § § § | |
| Plaintiff, | § § § | |
| v. | § § § | CIVIL ACTION NO. 5:08-CV-130 |
| CHATTEM, INC., et al., | § § § | |
| Defendants. | § § § § | |

**O R D E R**

Before the Court is Plaintiff's Motion for Summary Judgment of Infringement of U.S.

Patent Nos. 5,536,263 and 5,741,510.  Dkt. No. 224.  Also before the Court are Defendants'

response, Plaintiff's reply, and Defendants' sur-reply.  Dkt. Nos. 240, 253, and 274.  Having

considered the briefing and all relevant papers and pleadings, the Court finds that Defendants'

motion should be DENIED.

## I.  BACKGROUND

This is a patent case related to transdermal drug delivery, *e.g.*, medicated patches.  The

accused products include Chattem's "Icy Hot" patches and Prince of Peace's "Tiger Balm"

patches.  Some of Plaintiff's products at issue have been sold with the "TheraPatch" trademark,

but Plaintiff was allegedly forced out of the transdermal patch market around 2004.  The patents

in suit are United States Patents No. 5,536,263 ("'263 Patent") and 5,741,510 ("'510 Patent"),

both of which have been through reexamination proceedings at Plaintiff's request.

1

## II.  LEGAL PRINCIPLES

In a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).  An issue is "material" where it involves a fact that might affect the outcome of the suit under the governing law of the underlying cause of action.  *See Burgos v. S.W. Bell Tel. Co.,* 20 F.3d 633, 635 (5th Cir. 1994) (citing *Liberty Lobby,* 477 U.S. at 248)).  The nonmovant is not required to respond to a motion for summary judgment until the movant first meets its burden of demonstrating that there are no factual issues warranting trial.  *Ashe v. Corley,* 992 F.2d 540 (5th Cir. 1993).  Once the movant has shown the absence of material fact issues, however, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(c).  "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Liberty Lobby*, 477 U.S. at 248.

## III.  DISCUSSION

Plaintiff moves for summary judgment of infringement as to all asserted claims, citing the testing and opinions of its experts, Dr. Sue Mecham and Dr. David Enscore.  *See* Dkt. No. 224. Plaintiff argues that Defendants' non-infringement expert, Dr. Russell Potts, errs by attempting to require Plaintiff to prove moisture vapor transmission rate ("MVTR") within $1g/m^2/24hr$ and gel penetration depth within 1%.  *Id.* at 7.  Plaintiff submits that Dr. Potts' opinions in this regard are

2

incorrect and are untimely attempts at claim construction.  *Id.* at 7 & 9.

Defendants respond that genuine issues of material fact exist regarding infringement because the testing and opinions of Plaintiff's experts are "contradicted by the reports and testimony of [Plaintiff's] prior litigation experts, pre-suit testing performed by [Plaintiff], and by Defendants' experts." Dkt. No. 240 at 2.  Defendants note that the "patents-in-suit do not provide any information on how to measure MVTR," thus raising genuine issues of material fact regarding how MVTR should be tested.  *Id.* at 3.  Defendants submit that one of Plaintiff's former experts, Dr. Edward Cussler, admitted that by manipulating the temperature and humidity under which MVTR is tested, any MVTR can be obtained.  *Id.* at 5.  Defendants further submit that testing by Dr. Cussler either showed the accused products do not meet the gel penetration depth limitations or had error rates as high as 50%.  *Id.* at 9.  Defendants also question the methodology and reliability of techniques applied by Plaintiff's new experts.  *Id.* at 10-15.  For example, Defendants argue that MVTR should have been tested at 32 degrees Celsius, as recommended by one of the inventors in a 1993 memorandum, rather than at 23 degrees Celsius, the test temperature used by Dr. Mecham.  *See* Dkt. No. 253 at 5.

Plaintiff replies that the claims of the '510 Patent have no range for gel penetration and have no upper limit on MVTR.  Dkt. No. 253 at 1.  Plaintiff argues that its experts' methods were appropriate.  *Id.* at 1-2.  Plaintiff also submits that "Defendants' expert, Dr. Potts, made no[] attempt to measure MVTR, and, consequently, Defendants offer no counter evidence" to Plaintiff's experts' testing.  *Id.* at 3.  Plaintiff also emphasizes that the Court construed the MVTR claim limitations to refer to the MVTR of the patch alone, not in conjunction with skin.  *Id.* at 5.  Finally, Plaintiff argues that although Defendants criticize Plaintiff's experts' opinions

3

regarding gel penetration depth, Defendants' expert offers no counter opinion. *Id.* at 7.

In sur-reply, Defendants argue that Plaintiff's burden on summary judgment is not just to show that its experts' opinions are admissible under *Daubert* but instead is to show that no genuine issues of material fact exist. Dkt. No. 274 at 2. Defendants note that all of the asserted claims have some MVTR limitation. *Id.* As to counter opinions, Defendants submit they have no burden to prove non-infringement and need only show that Plaintiff's evidence is insufficient to meet its burden. *Id.* at 3. Defendants argue that Plaintiff has failed to meet its burden because it has failed to address Defendants' various criticisms of Plaintiff's experts' methodology. *Id.* at 4.

Defendants' briefing seemingly raises *Daubert* challenges as to the opinions of Plaintiff's experts, Dr. Mecham and Dr. Enscore. *See* Dkt. No. 240 at 10-15. These *Daubert* issues are separately briefed. *See* Dkt. No. 246. The present Order does not purport to resolve any *Daubert* challenges.

Drawing all reasonable inferences in favor of Defendants, as the Court must in considering Plaintiff's motion for summary judgment, the Court finds genuine issues of material fact regarding infringement, for example, whether the accused products meet the MVTR and gel penetration depth limitations of the asserted claims. The briefing thus presents a classic "battle of the experts" that cannot be resolved on summary judgment. *Regents of Univ. of Cal. v. Dako N. Am., Inc.*, 615 F. Supp. 2d 1087, 1099 (N.D. Cal. 2009) (denying patentees' motion for summary judgment of infringement based on doctrine of equivalents). Plaintiff's motion should therefore be DENIED.

Finally, although Plaintiff argues that Defendants' expert, Dr. Potts, is attempting to

introduce a new claim construction (Dkt. No. 224 at 7 & 9), the parties briefing does not reveal any tangible claim construction dispute on which the Court can rule.  If any party feels that supplemental claim construction is necessary, that party should file an appropriate motion and set forth in detail the respective positions of the parties and the need for construction.

### IV.  CONCLUSION

Plaintiff's Motion for Summary Judgment of Infringement of U.S. Patent Nos. 5,536,263 and 5,741,510 (Dkt. No. 224) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 16th day of December, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE